UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT: NEW HAVEN

| | |
|---|---|
| SOSKIA BROWN-COX AND CHRISTOPHER COX,<br>        Plaintiffs,<br>-against-<br>PAM BONDI, UNITED STATES ATTORNEY GENERAL, KRISTI NOEM, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY; ANGELICA ALFONSO-ROYALS, ACTING DIRECTOR OF UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; LEAH VAN WILGEN, FIELD OFFICE DIRECTOR, UNITED STATES CITIZENSHIP AND, IMMIGRATION SERVICES; and UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES,<br><br>        Defendants. | **Civil Action No.:**<br>**COMPLAINT FOR A**<br>**WRIT IN NATURE OF**<br>**A MANDAMUS** |

(Each Individual Defendant in his official Capacity)

Plaintiffs, Soskia Brown-Cox and Christopher Cox (Plaintiffs hereinafter), hereby affirm to the best of his knowledge, under the pains and penalties of perjury, as for their Complaint for judicial review of an adverse agency action, seeking a Mandamus to Compel, under 28 U.S.C 1331 (federal question), 5 U.S.C. §§ 555 (b) & 706 (1) of the Administrative Procedure Act; and 28 U.S.C. § 1361, regarding an action to compel an officer of the United States to perform his duty. and 1346(a)(2)(actions against Officers of the United States), and under the Due Process Clause of the United States Constitution, together with the Administrative Procedure Act, 5 U.S.C 2201 (Declaratory Judgment Act) :

1

The Plaintiffs plead as follows:

I.  **INTRODUCTION**

1. This is an individual action for mandamus. It seeks to compel Defendants, Pam Bondi, Kristi Noem, Angelica Alfonso-Royals, Leah Van Wilgen, and the United States Citizenship and Immigration Services and its responsible officials, to adjudicate Plaintiffs' Application for Immediate Relative (I-130 Petition), and the Petition for Adjustment of Status (I-485 Petition). Application without delay.

2. Plaintiff Soskia Brown-Cox, a citizen from Jamaica is currently married to Plaintiff Christopher Cox, and have properly filed pending I-130 Petition and an I-1485 Petition with the Defendants. Plaintiffs' applications remain within the jurisdiction of Defendants, who have improperly withheld action on the application for unreasonable period of time, to the detriment of Plaintiffs.

II.  **JURISDICTION**

2. This Court has jurisdiction over the present action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 5 U.S.C. §§ 555(b) & 706(1), the Administrative Procedure Act; and 28 U.S.C. § 1361, regarding an action to compel an officer of the United States to perform his duty.

III.  **VENUE**

3. 28 U.S.C. § 1391(e), as amended, provides that in a civil action in which each defendant is an officer or employee of the United States or any agency thereof acting in

his official capacity or under color of legal authority, or is an agency of the United States, the action may be brought in any judicial district in which a defendant in the action resides. Plaintiffs are resident of the District of Connecticut: New Haven Division, and Defendants, being sued in their official capacities, are employees and agency of the Department of Homeland Security, and also, of the U.S. Department of Justice, agencies of the United States. The Department of Homeland Security and the US. Department of Justice, do business in this District.

## IV.     PLAINTIFFS

4.     Soskia Brown-Cox is a native and citizen of Jamaica, who resides in Torrington, Connecticut, and married to Christopher Cox, a U.S. citizen.

5. Christopher Cox is a U.S. citizen, and resides in Torrington, Connecticut.

## V.     DEFENDANTS

6.     Defendant Pam Bondi is the United States Attorney General. She is named in her official capacity.

Kristi Noem is the duly appointed Secretary of the Department of Homeland Security. She is named in her official capacity. Ms. Kristi Noem, as the Secretary, is charged with the responsibility for delegating her discretion to the Department of Homeland Security's U.S. Citizenship and Immigration Services' ("USCIS") Hartford Field Office located at 450 Main Street, Harford, CT 06103. The Hartford Field Office has refused to adjudicate the Plaintiffs' application.

7.      Defendant Angelica Alfonso-Royals is the acting director of Defendant the United States Citizenship and Immigration Services, an entity within the Department of Homeland Security with the statutory responsibility for adjudicating petitions and applications filed by United States citizens and aliens. The acting director is sued in his official capacity.

8.      Defendant Leah Van Wilgen is the field director of the Hartford Field Office of USCIS, who is in charge of adjudicating the application for immediate relatives and adjustment of status petitions at issue herein. The Field Director is sued in his official capacity.

9.      Defendant the United States Citizenship and Immigration Services (USCIS) is an entity within the Department of Homeland Security with statutory responsibility for the constitutional and aliens to grant benefits to immigrants.

**VI. FACTUAL ALLEGATIONS**

10. The Plaintiff Soskia Brown-Cox is a citizen of Jamaica. Plaintiff Soskia married Plaintiff Christopher Cox , a U.S Citizen on July 17, 2022. Christopher Cox filed an I-130 petition for alien relative on December 23, 2022, which received the receipt number IOE0918776725. Plaintiff Soskia-Cox submitted an I-485 adjustment of status on her behalf, with receipt number IOE0919776724 .

11. Plaintiffs have a Bonafide marriage, own a house together, and have four children together.

12. The Plaintiffs put in several requests, however, Defendants have ignored Plaintiffs' Requests. The last request was on June 5, 2025, and received the item service number 38785031.

13. Despite of all attempts initiated by the Plaintiffs, Defendants have knowingly ignored Plaintiffs' applications.

14. It has been almost 3 years since the applications have been pending with Defendants.

**VII. CAUSE OF ACTION**

15. Plaintiff Soskia-Cox is entitled to adjust her status to lawful permanent resident pursuant to Section 245 of the Immigration and Nationality Act (INA).

16. Defendants have sufficient information to determine Plaintiff Soskia-Cox's eligibility for adjustment of status pursuant to applicable requirements. Notwithstanding, Defendants have unreasonably delayed and refused to adjudicate the Plaintiff's application to adjust status for more than 3 years, thereby depriving Plaintiff of her right to a decision on her immigration status and the peace of mind to which he is entitled.

17. Plaintiffs' ability to travel out of the country is not possible where the couple would like to enjoy vacation time with their children.

18. Defendants' inaction in Plaintiffs' case has caused inordinate and unfair amounts of stress, expense, and hassle for Plaintiffs, who are entitled to a decision on their petitions without further unreasonable delay.

19. The Defendants have willfully and unreasonably refused to adjudicate the Plaintiffs' I-130 Petition and I-485 Application thereby depriving Plaintiff from becoming a lawful permanent resident, which the Plaintiff Soskia Brown-Cox is entitled to under the INA.

20. The Defendants have unreasonably and without substantial justification failed to perform their duty of considering the Plaintiff's eligibility for.

21. The Defendants have unreasonably, arbitrarily and capriciously abused their discretion.

## VIII. CLAIMS

22. A mandamus plaintiff must demonstrate that :(i) he or she has a clear right to the relief requested;(ii) the defendant has a clear duty to perform the act in question; and (iii) no other adequate remedy is available. Power v. Barnhart, 292 F.3d 781, 784 (D.C. Cir. 2002).

23. Plaintiffs clearly meet all three of these criteria.

24. Plaintiff has fully complied with all of the statutory and regulatory requirements for seeking adjustment of status including submission of all necessary forms and supporting documents.

25. Defendants have unreasonably failed to adjudicate Plaintiffs' I-130 and I-485 Petitions over 3 years, thereby depriving Plaintiff of his rights under INA § 485. Pursuant

to 5 U.S.C. §§ 555(b) and 702 (APA), with due regard for the convenience and necessity of the parties of the parties or their representatives and within a reasonable time, each agency shall proceed shall proceed to conclude a matter presented to it.

26. Defendants owe Plaintiffs a duty to adjudicate her Petition for alien relative and adjustment of status pursuant to the INA and its implementing regulations, and have unreasonably failed to perform that duty. See Northern States Power Co. v. U.S. Dep't of Energy, 128 F.3d 754, 761 (D.C. Cir. 1997) (issuing writ of mandamus to preclude government defendant from excusing its own delay in complying with a clear statutory obligation). Plaintiff has no alternative means to obtain adjudication of her I-485 adjustment application and her right to issuance of the writ is clear and indisputable.

27. The Court's intervention is also appropriate because Defendants have failed to act within a reasonable period of time. The Plaintiff has already waited more than 2 years for adjudication for her pending I-485 application, well beyond the agency's own published processing timeframe for such applications. This is an unacceptable and unreasonable delay.

28. Plaintiffs are entitled to action on their long-pending I-130 petition and I-485 application because an unreasonable amount of time has passed failed to carry out the adjudicative and administrative functions delegated to them by law, to the ongoing harm and prejudice of Plaintiffs.

29. Defendants' delay is without justification and has forced Plaintiffs to resort to this Court for relief, and Plaintiff is entitled to attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(2).

IX. **PRAYER**

    **WHEREFORE**, Plaintiff prays that the Court:

    (1) Assume jurisdiction of this case;

    (2) Compel Defendants and those acting under her to perform their duty and take all appropriate action to adjudicate Plaintiffs' I-130 and I-485 Applications without further delay ;

    (3) Grant such other and further relief as this Court deems proper under the circumstance; and

    (4) Award the Plaintiff her attorney's fees and costs of court pursuant to the Equal Access to Justice Act (EAJA) or other applicable law.

Dated: Wappingers Falls, New York
       June 24, 2025

                            Respectfully submitted,

                            _____
                            Soskia Brown-Cox

                            _____
                            Christopher Cox

Certification

I , Ryanne Konan, an attorney admitted to practice law in the State of New York, and before all federal courts in New York , has helped Plaintiffs to prepare this Complaint on their behalf.

*ryannekonan*
_____
Ryanne Konan Law Office
4 Marshall Rd, Suite 248
Wappingers Falls, NY 12590
Tel:(888)536-1434
Cell:(845)309-3432
konanlawoffice@gmail.com